[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15545
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20501-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRICK CLAYTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Rodrick Clayton appeals from the denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

**I.**

Clayton pled guilty in 2007 to conspiracy to possess with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B). In calculating Clayton's guideline range, the probation officer first determined that Clayton was responsible for at least 20, but less than 35, grams of crack cocaine, thereby giving him a base offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6). However, the probation officer also determined that Clayton was a career offender under U.S.S.G. § 4B1.1. Clayton's status as a career offender gave him a new, superseding offense level of 34 and a criminal history category of VI. The probation officer awarded Clayton a 3-level reduction for acceptance of responsibility, giving him a total offense level of 31, which, when combined with his criminal history category of VI, produced an applicable guideline range of 188 to 235 months' imprisonment. There were no objections to the PSI.

At sentencing, the government requested the district court to sentence Clayton at the low-end of the guideline range and, in light of Clayton's substantial assistance, "depart[] downward by 20% from the Guidelines range" to a sentence

2

of 150 months' imprisonment, pursuant to U.S.S.G. § 5K1.1.  The district court granted both of the government's requests and accordingly sentenced Clayton to 150 months' imprisonment.

On March 18, 2008, Clayton, relying on Amendment 706 to the Guidelines, submitted a pro se motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2).  The government responded that, since Clayton was sentenced as a career offender, Amendment 706 did not affect his applicable guideline and therefore did not entitle him to a sentencing reduction.  The district court appointed Clayton an attorney, who countered by emphasizing that, in imposing a sentence below the guideline range, the district court "made clear that the career offender provisions were not [applicable] to Mr. Clayton's case."  The district court denied Clayton's motion, agreeing with the government that, because Clayton was sentenced as a career offender, Amendment 706 "ha[d] no bearing on [his] total offense level."  This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).  Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of

3

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(2)(B) (same). Construing this language of § 3582(c)(2), we have held that certain defendants who were sentenced as career offenders were ineligible for a sentencing reduction under Amendment 706 because that amendment would not reduce their applicable guideline ranges. United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("[A]lthough Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."), cert. denied, McFadden v. United States, 129 S.Ct. 965, and cert. denied, 129 S.Ct. 1601 (2009); see U.S.S.G. § 4B1.1(b) (providing for superseding offense levels based on the statutory maximum penalty where those levels are "greater than the offense level otherwise applicable").

**III.**

In this case, Clayton correctly acknowledges that our decision in Moore controls. This is so because Clayton's offense level was based on his status as a career offender, and, thus, Amendment 706 would not affect his applicable guideline range. See Moore, 541 F.3d at 1330. Although Clayton contends that Moore was wrongly decided, we are bound by the panel's decision in that case

4

unless overruled by the Supreme Court or this Court sitting en banc. United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008), cert. denied, 129 S.Ct. 2825 (2009). In this regard, Clayton has abandoned his argument, raised below, that he was not sentenced as a career offender in light of the district court's downward departure under § 5K1.1. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 2008) (arguments not raised on appeal are abandoned). Finally, because Clayton is not eligible for a sentencing reduction, the district court had no occasion to consider the crack/powder cocaine disparity or the factors in 18 U.S.C. § 3553(a). See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009). Accordingly, we affirm the denial of Clayton's § 3582(c)(2) motion.

**AFFIRMED.**